(No. 55860.—

*In re* WILLIAM DANIEL AMBROSE, Jr., Attorney, Respondent.

*Opinion filed November 18, 1982.*

David Beckerman, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

George B. Collins, of Chicago, for respondent.

JUSTICE WARD delivered the opinion of the court:

The Administrator of the Attorney Registration and Disciplinary Commission filed a complaint that basically charged William Daniel Ambrose, Jr., with the improper representation of Mrs. Mary Kay Alexander Norman. A panel of the Hearing Board of the Commission recommended that the complaint be dismissed. The Review Board, however, ordered that Ambrose be reprimanded pursuant to the provisions of Commission Rule 10.4. The Administrator was given leave to file exceptions to the Review Board's order and argues that a greater sanction should be imposed.

Ambrose was admitted to the bar in 1955. The events involved occurred more than nine years ago. At the hearing Mrs. Norman testified that she had retained the respondent in January 1973 to file a complaint for divorce. The respondent filed the complaint in the circuit court of Cook County. She testified that she appeared in August 1973 for a prove-up for the divorce, and she said that,

following her testimony, the judge appeared to say that the divorce was granted. She assumed there was in fact a divorce granted, although she did not receive a copy of a decree at the time, and none was later sent to her. The decree never was entered, and the proceeding was later dismissed for want of prosecution.

Sometime in 1974, the complainant, Mrs. Norman, injured her arm in an accident and consulted the respondent regarding a claim for her injury. He referred the complainant to another attorney, who obtained a settlement for her. She apparently inquired of the attorney as to the status of her divorce case, and he sent her a letter reporting that she had not been divorced. She consulted a third attorney, who confirmed the report. That attorney discussed the matter with the respondent, who examined the file and ascertained that the action could not be reinstated. On cross-examination Mrs. Norman admitted that she had been married before and had been divorced from her first husband some 14 years prior to her suit against Mr. Norman. She admitted that she had been given a copy of the divorce decree after her first divorce. She did not acknowledge that she knew that she should have received a copy of a decree for her divorce from Mr. Norman. At the time of the prove-up the judge directed that the husband pay the respondent $600 as Mrs. Norman's attorney fee, and that the respondent was to prepare and file a decree. Mrs. Norman, however, testified that apparently through an understanding with her husband, the respondent was to have been paid for his services from the proceeds of the sale of a boat. The boat, however, was repossessed by a finance company before she could sell it. (The hearing panel found that Mrs. Norman agreed to pay the respondent's fee.) Cross-examination of Mrs. Norman also developed that she had been represented by the respondent in a foreclosure action which had been brought by the mortgagee of her house. Through his efforts the property

was redeemed through a refinancing of the complainant's mother's house. Mrs. Norman was able to sell the redeemed property and used the proceeds of the sale to purchase a condominium in which she was living at the time of the hearing.

Ambrose testified that he had never been paid for his services in the real-estate-foreclosure matter or in the divorce case. He stated that Mrs. Norman called him quite frequently. He was upset when he later learned that the boat had been repossessed, and he said that he believed that he was just wasting his time and energy with Mrs. Norman. He testified that he believed that at one point in their relationship she had told him about having had her driver's license revoked and having paid an attorney $500 to represent her in that matter. He commented: "He got paid. I didn't." He testified that he did not share in the fee paid to the lawyer to whom he had referred Mrs. Norman's personal injury matter. There was a settlement for $4,000.

The Administrator, arguing that the respondent was professionally neglectful, noted that he never sent Mrs. Norman a statement or other request for fees. Ambrose, however, was not as indifferent to or as casual about receiving payment for his services as the Administrator suggests. He testified that Mrs. Norman called him quite frequently, and considering the entire record, it is obvious that Mrs. Norman's indebtedness to him was certainly discussed. Mrs. Norman was difficult to reach by telephone, and in the foreclosure matter the respondent had to work mainly through her mother. He requested a $1,200 fee for handling that matter, and the mother of Mrs. Norman expressed satisfaction with the fee request. The respondent, however, was never paid.

The panel of the Hearing Board found that Mrs. Norman had agreed to pay the fee and that Ambrose was entitled to a fee, which was never paid. It observed that his

failure to complete the divorce proceeding, while not excusable, was understandable, considering that he had not been paid for his services. The conclusion of the panel was that Mrs. Norman "apparently never had any intention of paying the respondent any fees for the divorce case about which she complains." The panel noted that the complainant had been previously divorced and had at that time received a copy of a divorce decree and that "she knew better than to believe the judge's statement that she was divorced" without a decree having been entered. Somewhat incongruously, it seems, the panel concluded that Mrs. Norman, having heard the judge state that she was divorced, did not communicate thereafter with the respondent in an attempt to defeat the collection of his fee. The panel, noting that the attorney had a blameless career of 25 years, recommended that the complaint be dismissed. The panel, however, acknowledged that it "would have been better practice for the respondent to have communicated with the complainant, advising her of his intention not to act until the agreed fees had been paid." Despite this, the panel said, the failure to communicate with the complainant was not a violation of the Code of Professional Responsibility sufficient to warrant discipline. As we noted, the Review Board ordered that the respondent be reprimanded pursuant to the provisions of Commission Rule 10.4.

We consider that the Review Board's recommendation of a reprimand is appropriate. The Administrator's contention, in effect, that this was simply a case of an attorney's abandonment of a divorce proceeding and, as a consequence, an abandonment of the client's interest is not convincing. It fails to consider complicating factors. The hearing panel heard the testimony of Ambrose and Mrs. Norman and found that Mrs. Norman appeared to seek to avoid the respondent, and the payment of his fee, until she realized that the decree of divorce had not been en-

tered. Considering the circumstances brought out at the hearing, we cannot say that this finding was contrary to the manifest weight of the evidence. This is not an instance of a client being unable to pay a reasonable fee for services performed by an attorney. An exacerbating circumstance here was the failure of Mrs. Norman to have paid the respondent for his services in enabling her to redeem her house following the foreclosure proceedings. Too, the respondent's testified-to recollection that Mrs. Norman had told him that she had paid an attorney $500 to represent her in a driver's-license-revocation matter was uncontradicted and apparently accurate.

We must say, however, that the conduct of the respondent was not blameless. There was a professional responsibility to the court under the circumstances to withdraw as counsel from the divorce proceeding and to advise the client of its status. These responsibilities were not dependent upon the client's satisfaction of her financial responsibilities to him. He had an independent professional obligation to his client and to the court, which he did not fulfill. Viewing the entire record, we deem that the Review Board's recommendation that a reprimand be given is proper. Reprimand is not a discipline to be imposed by this court. Disbarment, suspension from practice, and censure are the sanctions this court may impose. (87 Ill. 2d R. 771.) Reprimand is a lesser discipline authorized under the rules of the Attorney Registration and Disciplinary Commission. Rule 10.4 of those rules provides that a reprimand shall be delivered by the Review Board, and accordingly this cause is remanded to the Board for the carrying out of that recommendation.

*Cause remanded,*
*with directions.*